[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12516
Non-Argument Calendar

_____

D.C. Docket No. 9:04-cr-80111-BB-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

STANLEY BOLDEN,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 21, 2020)

Before JORDAN, LAGOA and MARCUS, Circuit Judges.

PER CURIAM:

Stanley Bolden appeals the district court's denial of his motion for a sentence

reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b),

132 Stat. 5194, 5222 ("First Step Act"), after it found that he was ineligible for relief

under the retroactive provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 ("Fair Sentencing Act").  He argues that, under the language of § 404, he is eligible for relief because he is serving a pre-Fair Sentencing Act sentence for a crack cocaine statutory offense and because none of the limitations listed in § 404(c) apply.  After careful review, we vacate and remand for the district court to consider whether to exercise its discretion under the First Step Act.

We review de novo whether a district court had the authority to modify a term of imprisonment.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  While district courts generally lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances.  Jones, 962 F.3d at 1297.  We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion.  Id. at 1296.  A district court abuses its discretion by using an incorrect legal standard.  Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015).

Years before the First Step Act, Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act; see Dorsey v. United States, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of

2

the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)–(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act in 2010.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Id. § 404(a).  The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Id. § 404(c).

In <u>Jones</u>, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293.  We began by holding that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii).  <u>Id</u>. at 1301.  Interpreting the First Step Act's definition of a "covered offense," we reasoned that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute."  <u>Id</u>. at 1298; <u>see</u> First Step Act § 404(a).  That means that "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties."  <u>Jones</u>, 962 F.3d at 1298.  Because § 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," we concluded that a movant has a "covered offense" if he was sentenced for an offense that triggered one of those statutory penalties.  <u>Id</u>.

We instructed that when the district court is determining whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a "covered offense," the court must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment.  <u>Id</u>. at 1300–01.  We rejected the government's argument that, when

4

conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation.  Id. at 1301.  Rather, we said that the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841 -- in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii).  Id.

Our Court in Jones emphasized that any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a "covered offense."  Id. at 1301–02.  However, we also recognized that a judge's actual drug quantity finding remains relevant to the extent the judge's finding triggered a higher statutory penalty.  Id. at 1302.  As a result, a movant sentenced prior to Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. See id.  Applying this inquiry to the four movants in Jones, we concluded that all four were sentenced for "covered offenses" because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act.  Id. at 1302–03.

5

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean the district court is authorized to reduce his sentence. Id. at 1303. Specifically, we held that when § 404(b) of the First Step Act provides that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," it imposes two limitations on the district court's authority. Id. (quoting First Step Act § 404(b); emphasis added). One, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. Jones, 962 F.3d at 1303. Two, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. We reiterated that the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to Apprendi. See id. at 1303–04. We also stressed that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect -- that is, if his sentence was equal to the mandatory statutory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty -- then the Fair Sentencing Act would not have benefited him, and the First Step Act does not authorize the district court to reduce his sentence. Id. at 1303.

6

Using this framework, we affirmed the denials of two of the movants' motions in Jones, and vacated and remanded as to the others because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. Id. at 1304–05. We held that it was error for the district courts to conclude that a movant was ineligible based on (1) a higher drug quantity finding that was made for sentencing -- not statutory -- purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. Id. at 1305. Because it was ambiguous whether the district courts denied their motions for one of those improper reasons, we vacated and remanded the denials for further consideration. Id.

Finally, we noted that, although a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. Id. at 1304. We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304.

Applying Jones to this case, we hold that the district court erred in concluding that Bolden was not sentenced for a "covered offense" under Section 404(b) of the First Step Act. As we've detailed, the Fair Sentencing Act modified the statutory penalties for offenses that involved 5 grams or more of crack cocaine by raising the

amount triggering § 841(b)(1)(B)(iii) to 28 grams.  See Jones, 962 F.3d at 1301–02; Fair Sentencing Act § 2.  Thus, as the government concedes, the district court erred in concluding that the four counts of distribution of 5 grams or more of cocaine base that Bolden pled guilty to, each triggering the penalty provision in § 841(b)(1)(B)(iii) -- which was plainly altered by § 2 of the Fair Sentencing Act -- were not covered offenses.  Further, under Jones, the district court had the authority to reduce Bolden's sentence "as if" the Fair Sentencing Act was in effect at the time of his offense.  962 F.3d at 1303.  So, based on both the charged quantities of at least 5 grams of crack cocaine in each of those four counts and Bolden's enhanced penalties due to his prior convictions, the statutory penalty range for those offenses was 120 months' to life imprisonment before the Fair Sentencing Act, and 0 to 360 months' imprisonment after the Act.  See id.  Because the Fair Sentencing Act unquestionably reduced the statutory penalties for those offenses, the district court erred in determining that it lacked the authority to reduce Bolden's sentences on those four counts.

In addition to the four distribution counts, Bolden pled guilty to one count of conspiracy to distribute at least 5 grams of crack cocaine; the specific amount alleged in the count Bolden pled to was at least 35 grams of crack cocaine.  This drug amount, in addition to other relevant factors, ultimately yielded a guideline range of 292 to 365 months' imprisonment, and the district court sentenced him to 292 months.  Because Bolden's conspiracy count involved a drug quantity of at least 5

8

grams of crack cocaine, that quantity (which was between 5 and 50 grams) triggered the statutory penalties in § 841(b)(1)(B)(iii) when Bolden originally was sentenced. This means the conspiracy count qualified as a "covered offense." Id. Further, under Jones, even if Bolden's statutory penalty range for the conspiracy count was 120 months' to life imprisonment both before and after the Fair Sentencing Act, the district court nevertheless had the authority to reduce Bolden's sentence on that count because his 292-month sentence is above the statutory minimum of 120 months. Id. (recognizing that the district court has the authority to reduce a sentence where the movant did not receive the lowest statutory penalty that would be available to him under the Fair Sentencing Act). Thus, the district court erred in concluding that it lacked the authority to reduce Bolden's sentence on the conspiracy count.

Finally, the district court concluded that Bolden was ineligible for relief because his career-offender status yielded the same guideline range as to the conspiracy count, and because his 292-month sentence on that count fell at the low end of that range both before and after the Fair Sentencing Act. However, as we squarely held in Jones, neither of those facts was relevant to determining eligibility under the First Step Act. Id. at 1305. Accordingly, based on our decision in Jones, we vacate and remand so that the district court can consider whether to exercise its discretionary authority under the First Step Act to reduce Bolden's sentences.

**VACATED AND REMANDED.**